STATE OF INDIANA ) IN THE WABASH SUPERIOR COURT
) SS:
COUNTY OF WABASH ) CAUSE NO. 85D01-1002-CT- 53

JEFFREY A. GRESSLEY, )
)
       Plaintiff, )
)
v. )
)
DS PRODUCTS, INC., a/k/a GLOBAL )
PRECISION PARTS, INC., )
)
       Defendant. )

FILED

FEB 12 2010

## COMPLAINT

COMES NOW Plaintiff, Jeffrey A. Gressley, by counsel, and alleges against Defendant as follows:

1.     The Plaintiff is Jeffrey A. Gressley, a resident of Wabash County, Wabash Indiana at all material times to this Complaint.

2.     The Defendant is DS Products, Inc., a/k/a Global Precision Parts, Inc., a company doing business at 202 Wedcor Avenue, Suite 400, Wabash, Indiana 46992. The Defendant is an "employer" for the purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, *et seq.* ("ADA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"). The Defendant employed the Plaintiff at all material times to this Complaint.

3.     The Plaintiff filed a Charge of Discrimination with the EEOC, Charge No. 470-2009-01700, on February 25, 2009, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "A". The EEOC issued its Dismissal and Notice of Rights/Notice of Suit Rights on December 3, 2009, a copy of which is attached hereto as Exhibit "B". All

"A"

administrative remedies have been exhausted, and all jurisdictional prerequisites have been met for the filing of this suit.

4. The Plaintiff worked for the Defendant for approximately four (4) years, and was a Maintenance Supervisor at the time of his wrongful termination on or about November 10, 2008. Prior to his termination, during much of 2008, the Plaintiff suffered from serious medical conditions (hypertension and blocked renal arteries), which required medical care and surgery. As a result of his serious health conditions, the Plaintiff required time off from work, for which he was entitled under the FMLA. His serious health conditions also constituted a disability/ perceived disability/record of impairment under the ADA. Also of note, during the Plaintiff's employment by the Defendant, including at the time of his termination, he was over the age of forty (40).

5. In September 2008, the Plaintiff underwent a heart cauterization procedure, and renal ultrasound procedure, which required him to take time off from work. When he returned to work on September 29, 2008, he talked to his Plant Manager about his medical status. The Plant Manager then arranged to speak with the Plaintiff's wife, on the premise that the Plant Manager "wanted all of the information", and needed to get it from the Plaintiff's wife (who was also employed by the Defendant at the time). The Plant Manager then discussed the Plaintiff's health with Plaintiff's wife.

6. The following day, the Plaintiff's wife spoke with the Plant Manager regarding plans for additional stints to be placed in the Plaintiff's renal artery. The new procedure was scheduled to take place on October 31, 2008.

7. The Plaintiff and his wife both submitted vacation requests in order for the

2

Plaintiff to undergo the needed surgery on October 31, 2008, and to otherwise attend to his convalescence following the surgery. Both the Plaintiff and his wife returned to work on November 10, 2008. Shortly after the Plaintiff arrived at work, the Plant Manager had a second representative for the Defendant speak to the Plaintiff and told him he was fired. He was given no grounds for the termination.

8. The Plaintiff contends that he was terminated as a result of the Defendant's discriminatory animosity towards him due to age, and/or his disability/perceived disability/record of impairment, in violation of his rights under the ADEA and/or ADA. Plaintiff alleges that:

    a. He was over the age of forty (40) at the time of termination;

    b. He was replaced by someone under the age of forty (40);

    c. The Defendant was aware of the Plaintiff's serious health conditions in the months prior to his termination;

    d. The Plaintiff had been performing within the reasonable expectations of the employer prior to termination, and was capable of completing essential functions of his job upon return from his October 31, 2008 surgery; and

    e. The Plaintiff was provided no reason for the termination, suggesting the motive for termination was something other than legitimate business reasons.

9. In the alternative, the Plaintiff alleges that he was discriminated against and retaliated against for asserting his rights to FMLA benefits, and/or to interfere with his use of FMLA benefits. In support thereof, Plaintiff states that:

    a. The Plaintiff was entitled to receive FMLA benefits for his absences in

3

    September and October 2008, relating to his serious health conditions;

 b. The Plaintiff was performing within the reasonable expectations of his employer prior to termination, and received no disciplinary actions prior to termination; and

 c. The timing of Plaintiff's termination was suspicious—the Plaintiff was fired on the heals of his return from absence for the October 31, 2008 surgery.

10. The Defendant's discriminatory and retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of his job and job-related benefits including income, and subjected the Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

11. The Defendant's discriminatory and retaliatory conduct was intentional, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the ADA, ADEA, and/or the FMLA. Imposition of punitive damages (where available) is therefore appropriate, as are liquidated damages (where available).

WHEREFORE, the Plaintiff respectfully prays for judgment against the Defendant for Compensatory damages, punitive damages (where available), liquidated damages (where available), reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

### JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

*/s/ Christopher C. Myers/*

Christopher C. Myers, #16043-02
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
ismith@myers-law.com
Attorneys for Plaintiff

IMS/js
S:\Greasley, Jeffrey\Pleadings\Complaint.wpd

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>☐ FEPA<br>■ EEOC | CHARGE NUMBER<br>470-2009-01700 |
|---|---|---|

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.)<br>Jeffrey A. Gressley | HOME TELEPHONE (Include Area Code)<br>(260) 563-4154 | |
|---|---|---|
| STREET ADDRESS<br>991 N. 150 W. | CITY, STATE AND ZIP CODE<br>Wabash, IN 46992 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME<br>DS Products, Inc. a/k/a Global Precision Parts, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>50 | TELEPHONE (Include Area Code)<br>(260) 563-9030 |
|---|---|---|
| STREET ADDRESS<br>202 Wedcor Avenue, Suite 400 | CITY, STATE AND ZIP CODE<br>Wabash, IN 46992 | COUNTY<br>Wabash |
| NAME | TELEPHONE NUMBER (Include Area Code) | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ■ AGE
■ RETALIATION ☐ NATIONAL ORIGIN ■ DISABILITY ☐ OTHER *(specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST 2008   LATEST 11/10/08
■ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I. The Complainant is Jeffrey A. Gressley, a qualified employee with a disability/record of impairment/perceived disability, who is over the age of 40, and who suffered from a serious medical condition at all material times to this Charge. The Complainant alleges that he was discriminated against and retaliated against on the basis of his disability/perceived disability/record of impairment and/or age, in violation of his federally protected rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, *et seq.* ("ADA"), and/or Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"). (In the alternative, the Complainant alleges that the Respondent terminated him in order to interfere with and prevent the Complainant to using the substantive benefits he was entitled to under the FMLA.)

II. The Respondent is DS Products, Inc. a/k/a Global Precision Parts, Inc. The Respondent was an "employer" for the purposes of the ADA, ADEA, and/or FMLA, and employed the Complainant at all material times to this Charge.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)<br>Resident of _Allen_ County  My Commission Expires: 7-24-14<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br>Date: 02/25/09  Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) 2-25-09 |

Charge of Discrimination
Re: Jeffrey A. Gressley

Page 2

III. The Complainant worked for the Respondent for approximately four (4) years, and was a Maintenance Supervisor at the time of his termination on or about November 10, 2008. During much or all of 2008, the Complaint suffered from one or more serious medical conditions requiring medical care and surgery (hypertension and blocked renal arteries). In September of 2008, Complainant underwent a heart cauterization procedure, and a renal ultrasound following the procedure.

IV. The Complainant went back to work on September 29, and following a meeting, in which he received a call from a medical provider, he and the Respondent's Plant Manager discussed his medical status. The Plant Manager then arranged to talk with the Complainant's wife on the premise that she "wanted all the information" and felt she needed to get it from the wife (who was also an employee of the Respondent). The Plant Manager then discussed the Complainant's health with his wife.

V. The following day, the Complainant's wife spoke with the Plant Manager regarding plans for one or more stints to be placed in Complainant's renal artery. This was scheduled to take place on October 31, 2008.

VI. The Plant Manager at some point asked about the appointment and told the wife to make sure that the Complainant followed through with getting his health issue taken care of. She also asked the wife a number of questions as to whether the wife was financially prepared in case "anything happened" to the Complainant.

VII. Complainant, and his wife, submitted vacation requests so that he could undergo the surgery on October 31, 2008, and they could utilize vacation time for the following week after the surgery. The two returned to work on Monday, November 10, 2008. Shortly after the Complainant arrived at work, the Plant Manager and a second representative for the Respondent spoke with the Complainant and fired him. The Complainant was never told the grounds for the termination.

VIII. The Complainant contends that the termination was the result of the Respondent's discriminatory animosity towards him based on his disability/record of impairment/perceived disability, and/or Complainant's age (over 40). (In the alternative, the Complainant alleges that he was terminated in order to interfere with the Complainant's use of benefits he was entitled to under FMLA.) Complainant notes that the termination came on the heals of his October operation, that while he was employed by the Respondent he did not receive any disciplinary actions or write-ups, and was performing within the reasonable expectations of the employer, and no reason was given for his termination. In addition, the Complainant contends that the position he was fired from was later filled by a 28 year-old employee whose job included Complainant's duties.

IX. The Respondent's discriminatory and retaliatory conduct was the direct and proximate cause of the Complainant suffering the loss of his job and job related benefits including income, as well as inconvenience, emotional distress, and other damages and injuries.

JAG
Initials

EEOC Form 161 (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Mr. Jeffrey Gressley
991 North 150 West
Wabash, Indiana 46992

From: Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2009-01700 | Alvin E. Hines, Enforcement Supervisor | (317) 226-5082 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that back pay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_signature_      DEC 03 2009

Enclosures(s)        Danny G. Harter,         (Date Mailed)
                     Director

cc:
Mr. Todd Kriegel, President
DS PRODUCTS, INC.
P.O. Box 579
Ottoville, Ohio 45876

Ms. Ilene M. Smith,
Christopher C. Myers & Associates
809 South Calhoun Street, Suite 400
Fort Wayne, Indiana 46802

Exhibit B

Lori J. Draper
Clerk Wabash Circuit/Superior Court
Wabash County Judicial Center
69 W. Hill Street
Wabash, IN 46992-3151

46992244200 C007

7009 0820 0001 0249 8114

CERTIFIED MAIL

1st NOTICE 2/17/10
2nd
RETURN

RETURN RECEIPT REQUESTED



KOKOMO IN

02 1P
0003120629   FEB 15 2010
MAILED FROM ZIP CODE 46992
$ 005.71⁰